IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

---

|                              |   |                          |
|------------------------------|---|--------------------------|
| UNITED STATES OF AMERICA,    | X |                          |
|                              | X |                          |
|         Plaintiff,           | X |                          |
|                              | X |                          |
| vs.                          | X | Cv. No. 09-2217-STA/cgc  |
|                              | X | Cr. No. 04-20409(JDB)    |
| DEMARCUS ROGERS,             | X |                          |
|                              | X |                          |
|         Defendant.           | X |                          |
|                              | X |                          |

---

ORDER DENYING MOTION TO AMEND
(DOCKET ENTRY 9)
ORDER DENYING MOTION PURSUANT TO 28 U.S.C. §2255
ORDER DENYING CERTIFICATE OF APPEALABILITY
AND
ORDER CERTIFYING APPEAL NOT TAKEN IN GOOD FAITH

---

Defendant Demarcus Rogers, Bureau of Prisons inmate registration number 19977-076, an inmate at the United States Penitentiary in Adelanto, California, has filed a pro se motion under 28 U.S.C. § 2255, seeking to set aside his conviction and sentence for violating 18 U.S.C. § 922(g). (Docket Entry ("D.E.") 1.) On August 12, 2009, the Court directed the United States to respond to the motion. (D.E. 4.) On October 9, 2009, the United States filed a response. (D.E. 7.) On December 10, 2009, Rogers replied to the United States' response. (D.E. 8.) On November 1, 2010, Defendant Rogers supplemented his reply. (D.E. 10.)

I.  MOTION TO AMEND

On May 21, 2010, Defendant Rogers filed a motion to amend under Rule 15 of the Federal Rules of Civil Procedure, seeking to allege additional grounds of ineffective assistance by counsel. (D.E. 9.)  The Antiterrorism and Effective Death Penalty Act of 1996, Pub. L. No. 104-132, 110 Stat. 1214 (Apr. 24, 1996) (codified, inter alia, at 28 U.S.C. §§ 2244 et seq.) (AEDPA) created a statute of limitations for filing habeas petitions under § 2255.  Because this petition was filed after April 24, 1996, the AEDPA is applicable.  See Lindh v. Murphy, 521 U.S. 320, 336, 117 S. Ct. 2059, 2068, 138 L. Ed.2d 481 (1997). Paragraph 6 of 28 U.S.C. § 2255 provides:

> A 1-year period of limitation shall apply to a motion under this section.  The limitation period shall run from the latest of—
>
> (1)  the date on which the judgment of conviction becomes final;
>
> (2)  the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3)  the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4)  the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

"[F]or purposes of collateral attack, a conviction becomes final at the conclusion of direct review." Johnson v.

United States, 246 F.3d 655, 657 (6th Cir. 2001). The Supreme Court has held that, for purposes of postconviction relief, "[f]inality attaches when this Court affirms a conviction on the merits on direct review or denies a petition for a writ of certiorari, or when the time for filing a certiorari petition expires." Clay v. United States, 537 U.S. 522, 527 123 S. Ct. 1072, 1076, 155 L. Ed.2d 88 (2003). In this case, the Supreme Court denied Rogers petition for a writ of certiorari on May 12, 2008. The running of the § 2255 limitations period commenced on May 13, 2008, and it expired one year later on May 13, 2009.

The mandate of Fed. R. Civ. P. 15(a), that a court freely grant leave to amend when justice so requires, has been interpreted to allow supplementation and clarification of claims initially raised in a timely § 2255 motion. See Anderson v. United States, No. 01-2476, 2002 WL 857742 at *3 (6th Cir. May 3, 2002); Oleson v. United States, 27 Fed. App'x 566 (6th Cir. Dec. 14, 2001). The time to amend to raise additional claims expired on May 13, 2009.

Once the statute of limitations has expired, allowing amendment of a petition to allege additional grounds for relief would defeat the purpose of the AEDPA. Oleson, 27 Fed. App'x at 571 (citing United States v. Thomas, 221 F.3d 430, 436 (3d Cir. 2000)("[A] party cannot amend a § 2255 petition to add a completely new claim after the statute of limitations has

expired.")).[1]  Because Rogers seeks to add new claims, his motion is untimely and is barred by the AEDPA statute of limitations. The motion to amend is DENIED. (D.E. 9.)

II. PROCEDURAL HISTORY

On September 28, 2004, a federal grand jury returned a one-count indictment, charging Rogers with possession of a firearm after the conviction of a felony, in violation of 18 U.S.C. § 922(g).  (United States v. Rogers, No. 04-20409, Criminal Docket Entry "Cr. D.E." 1.) On May 1, 2006, Defendant appeared before United States District Judge J. Daniel Breen and pled guilty as charged. (Cr. D.E. 115-16.)  On September 19, 2006 Judge Breen held a sentencing hearing and sentenced Rogers to three hundred twenty-seven (327) months of imprisonment as an armed career criminal, to be followed by a three-year period of supervised release. (Cr. D.E. 126-27.) Defendant appealed. (Cr. D.E. 130.)

Rogers contended on appeal that the Court erred during sentencing by finding that Rogers' relevant conduct constituted an assault with intent to commit first-degree murder.  The United States Court of Appeals for the Sixth Circuit affirmed Rogers' conviction and sentence. (Cr. D.E. 136; United States v. Rogers, No. 06-6260, 261 Fed. App'x 849 (6th Cir. Jan. 16, 2009).)

---

[1]  See also United States v. Pittman, 209 F.3d 314, 317-18 (4th Cir. 2000)("The fact that amended claims arise from the same trial and sentencing proceeding as the original motion does not mean that the amended claims relate back for purposes of Rule 15(c). . . Such a broad view of 'relation back' would undermine the limitations period set by Congress in the AEDPA" (citing United States v. Duffus, 174 F.3d 333, 337 (3d Cir. 1999)).

Rogers contends in this motion pursuant to 28 U.S.C. § 2255, that:

(1) his attorneys provided ineffective assistance at sentencing and on direct appeal by failing to object to the finding that Defendant was an armed career criminal under United States Sentencing Guideline ("U.S.S.G.") § 4B1.4; and

(2) trial and appellate counsel were ineffective by failing to challenge the determination that his base offense level was 33, due to possession of the firearm in connection with another offense under U.S.S.G. § 2K2.1(a).

III. ANALYSIS

Pursuant to 28 U.S.C. § 2255(a),

[a] prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

"A prisoner seeking relief under 28 U.S.C. § 2255 must allege either (1) an error of constitutional magnitude; (2) a sentence imposed outside the statutory limits; or (3) an error of fact or law that was so fundamental as to render the entire proceeding invalid." Short v. United States, 471 F.3d 686, 691 (6th Cir. 2006) (internal quotation marks omitted).

A § 2255 motion is not a substitute for a direct appeal. See Sunal v. Lange, 332 U.S. 174, 178, 67 S. Ct. 1588, 1590, 91 L. Ed. 1982 (1947). "[N]onconstitutional claims that could have been raised on appeal, but were not, may not be

asserted in collateral proceedings." Stone v. Powell, 428 U.S. 465, 477 n.10, 96 S. Ct. 3037, 3044 n.10, 49 L. Ed. 2d 1067 (1976). "Defendants must assert their claims in the ordinary course of trial and direct appeal." Grant v. United States, 72 F.3d 503, 506 (6th Cir. 1996). This rule is not absolute:

> If claims have been forfeited by virtue of ineffective assistance of counsel, then relief under § 2255 would be available subject to the standard of Strickland v. Washington, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984). In those rare instances where the defaulted claim is of an error not ordinarily cognizable or constitutional error, but the error is committed in a context that is so positively outrageous as to indicate a "complete miscarriage of justice," it seems to us that what is really being asserted is a violation of due process.

Id.

Even constitutional claims that could have been raised on direct appeal, but were not, will be barred by procedural default unless the defendant demonstrates cause and prejudice sufficient to excuse his failure to raise those issues previously. El-Nobani v. United States, 287 F.3d 417, 420 (6th Cir. 2002) (withdrawal of guilty plea); Peveler v. United States, 269 F.3d 693, 698-99 (6th Cir. 2001) (new Supreme Court decision issued during pendency of direct appeal); Phillip v. United States, 229 F.3d 550, 552 (6th Cir. 2000) (trial errors). Alternatively, a defendant may obtain review of a procedurally defaulted claim by demonstrating his "actual innocence." Bousley v. United States, 523 U.S. 614, 623, 118 S. Ct. 1604, 1611, 140 L. Ed. 2d 828 (1998).

"[A] § 2255 motion may not be employed to relitigate an issue that was raised and considered on direct appeal absent highly exceptional circumstances, such as an intervening change in the law." Jones v. United States, 178 F.3d 790, 796 (6th Cir. 1999); see also DuPont v. United States, 76 F.3d 108, 110 (6th Cir. 1996) (same).

After a § 2255 motion is filed, it is reviewed by the Court and, "[i]f it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion." Rule 4(b), Section 2255 Rules. "If the motion is not dismissed, the judge must order the United States attorney to file an answer, motion, or other response within a fixed time, or to take other action the judge may order." Id. The movant is entitled to reply to the Government's response. Rule 5(d), Section 2255 Rules. The Court may also direct the parties to provide additional information relating to the motion. Rule 7, Section 2255 Rules.

"In reviewing a § 2255 motion in which a factual dispute arises, 'the habeas court must hold an evidentiary hearing to determine the truth of the petitioner's claims.'" Valentine v. United States, 488 F.3d 325, 333 (6th Cir. 2007) (quoting Turner v. United States, 183 F.3d 474, 477 (6th Cir. 1999)). "'[N]o hearing is required if the petitioner's allegations cannot be accepted as true because they are

contradicted by the record, inherently incredible, or conclusions rather than statements of fact.'" Id. (quoting Arredondo v. United States, 178 F.3d 778, 782 (6th Cir. 1999)). Where the judge considering the § 2255 motion also presided over the criminal case, the judge may rely on his or her recollection of the prior case. Blanton v. United States, 94 F.3d 227, 235 (6th Cir. 1996); see also Blackledge v. Allison, 431 U.S. 63, 74 n.4, 97 S. Ct. 1621, 1629, 52 L. Ed. 2d 136 (1977) ("[A] motion under § 2255 is ordinarily presented to the judge who presided at the original conviction and sentencing of the prisoner. In some cases, the judge's recollection of the events at issue may enable him summarily to dismiss a § 2255 motion."). Defendant has the burden of proving that he is entitled to relief by a preponderance of the evidence. Pough v. United States, 442 F.3d 959, 964 (6th Cir. 2006).

Rogers claims that his trial and appellate counsel rendered ineffective assistance, in violation of the Sixth Amendment. A claim that ineffective assistance of counsel has deprived a defendant of his Sixth Amendment right to counsel is controlled by the standards stated in Strickland v. Washington, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984). To demonstrate deficient performance by counsel, a petitioner must demonstrate that "counsel's representation fell below an objective standard of reasonableness." Id. at 688, 104 S. Ct. at 2064. "A court considering a claim of ineffective assistance must

apply a 'strong presumption' that counsel's representation was within the 'wide range' of reasonable professional assistance. [Strickland, 466 U.S.] at 689, 104 S. Ct. 2052. The challenger's burden is to show 'that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment.' Id., at 687, 104 S. Ct. 2052." Harrington v. Richter, ___ U.S. ___, 131 S. Ct. 770, 787, 178 L. Ed. 2d 624 (2011).

To demonstrate prejudice, a prisoner must establish "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694, 104 S. Ct. at 2068.[2] "A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id. "It is not enough 'to show that the errors had some conceivable effect on the outcome of the proceeding.' [Strickland, 466 U.S.] at 693, 104 S. Ct. 2052. Counsel's errors must be 'so serious as to deprive the defendant of a fair trial, a trial whose result is reliable.' Id., at 687, 104 S. Ct. 2052." Richter, 131 S. Ct. at 787-88; see also id. at 791-92 ("In assessing prejudice under Strickland, the question is not whether a court can be certain counsel's performance had no effect on the outcome or whether it is possible a reasonable doubt might have

---

[2] "[A] court need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant." Strickland, 466 U.S. at 697, 104 S. Ct. at 2069. If a reviewing court finds a lack of prejudice, it need not determine whether, in fact, counsel's performance was deficient. Id.

been established if counsel acted differently. . . . The likelihood of a different result must be substantial, not just conceivable.") (citations omitted); Wong v. Belmontes, 130 S. Ct. 383, 391-92, 175 L. Ed. 2d 328 (2009) (per curiam) ("But Strickland does not require the State to 'rule out' [a more favorable outcome] to prevail. Rather, Strickland places the burden on the defendant, not the State, to show a 'reasonable probability' that the result would have been different.").

"Surmounting Strickland's high bar is never an easy task." Padilla v. Kentucky, 559 U.S. ___, ___, 130 S. Ct. 1473, 1385, 176 L. Ed. 2d 284 (2010).

> An ineffective-assistance claim can function as a way to escape rules of waiver and forfeiture and raise issues not presented at trial, and so the Strickland standard must be applied with scrupulous care, lest "intrusive post-trial inquiry" threaten the integrity of the very adversary process the right to counsel is meant to serve. Strickland, 466 U.S., at 689-690, 104 S. Ct. 2052. Even under de novo review, the standard for judging counsel's representation is a most deferential one. Unlike a later reviewing court, the attorney observed the relevant proceedings, knew of materials outside the record, and interacted with the client, with opposing counsel, and with the judge. It is "all too tempting" to "second-guess counsel's assistance after conviction or adverse sentence." Id., at 689, 104 S. Ct. 2052; see also Bell v. Cone, 535 U.S. 685, 702, 122 S. Ct. 1843, 152 L. Ed. 2d 914 (2002); Lockhart v. Fretwell, 506 U.S. 364, 372, 113 S.Ct. 838, 122 L. Ed. 2d 180 (1993). The question is whether an attorney's representation amounted to incompetence under "prevailing professional norms," not whether it deviated from best practices or most common custom. Strickland, 466 U.S., at 690, 104 S. Ct. 2052.

Richter, ___ U.S. at ___, 131 S. Ct. at 788.

The two-part test stated in Strickland applies to

challenges to guilty pleas based on the ineffective assistance of counsel. Hill v. Lockhart, 474 U.S. 52, 57-58, 106 S. Ct. 366, 369-70, 88 L. Ed. 2d 203 (1985). "Where, as here, a defendant is represented by counsel during the plea process and enters his plea upon the advice of counsel, the voluntariness of the plea depends on whether counsel's advice 'was within the range of competence demanded of attorneys in criminal cases.'" Id. at 56, 106 S. Ct. at 369 (quoting McMann v. Richardson, 397 U.S. 759, 771, 90 S. Ct. 1441, 1449, 25 L. Ed. 2d 763 (1970)). "[T]o satisfy the 'prejudice' requirement, the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." Id. at 59, 106 S. Ct. at 370; Padilla, 559 U.S. at ___, 130 S. Ct. at 1485 ("[T]o obtain relief on this type of claim, a [prisoner] must convince the court that a decision to reject the plea bargain would have been rational under the circumstances.").

### Issue One

Defendant Rogers contends that defense counsel should have objected at sentencing and appealed the enhancement of his sentence as an armed career criminal under U.S.S.G. § 4B1.4. Rogers alleges that he was a juvenile when he was convicted of two counts of aggravated assault in Shelby County Criminal Court and, therefore, those convictions should not have been qualifying offenses. Rogers also contends that two prior state convictions

in 1996 for being a felon in possession of a firearm should have been considered related and not considered separate convictions.

At sentencing, the United States presented certified copies of judgments and convictions fully demonstrating that Defendant qualified as an Armed Career Criminal. Rogers cites U.S.S.G. § 4A1.1, Application Note 1, as support that his two convictions for aggravated assault should not have been qualifying offenses because he was only seventeen years old. "A sentence imposed for an offense committed prior to the defendant's eighteenth birthday is counted under this item only if it resulted from an adult conviction. See §4A1.2(d)." Id. Section 4A1.2(d) states:

> (1) If the defendant was convicted as an adult and received a sentence of imprisonment exceeding one year and one month, add 3 points under § 4A1.1(a) for each such sentence.
>
> (2) In any other case,
>
> > (A) add 2 points under § 4A1.1(b) for each adult or juvenile sentence to confinement of at least sixty days if the defendant was released from such confinement within five years of his commencement of the instant offense;
> >
> > (B) add 1 point under § 4A1.1(c) for each adult or juvenile sentence imposed within five years of the defendant's commencement of the instant offense not covered in (A).

Id. Although Defendant Rogers was seventeen when he committed the assaults, he was tried as an adult. In Case No. 91-03365, he was charged with attempting to kill the victim using a pistol and shot gun. In Case Nos. 91-07490 and 91-07491, he was charged

with shooting two victims with a pistol.  He was sentenced to five years imprisonment on each conviction.  His argument is without factual foundation or merit.

Defendant's 1996 convictions for being a felon in possession of a firearm arose from events occurring on different dates, June 27, 1995 and June 10, 1996. (Pre-sentence Report, ¶¶ 33-34.)  The state grand jury returned separate indictments, the state charges were under different docket numbers, and Defendant received separate sentences, even if the sentences were run concurrently.  <u>United States v. Brady</u>, 988 F.2d 664, 668 (6th Cir. 1993); <u>United States v. Fitzhugh</u>, 984 F.2d 143 (5th Cir. 1993). Rogers' violent felony convictions were properly counted and he cannot establish prejudice. Counsel could not be expected to raise an objections without a legitimate underlying factual or legal basis. Counsel was not ineffective by failing to raise these frivolous issues at sentencing or on appeal.  Issue one is without merit.

<u>Issue Two</u>

Section 2K2.1(b)(5) of the U.S.S.G. requires a four level increase in the base offense level if a "defendant used or possessed any firearm or ammunition in connection with another felony offense."  In Rogers' case, the connected felony offense was the commission of an assault with intent to commit murder. Rogers contends that his offense level should not have been increased under U.S.S.G. § 2K2.1(b)(5) because he was not

indicted for or convicted of any charge connecting him to another offense. Application note 4 to U.S.S.G. § 2K2.1 states that a felony offense "as used in subsection (b)(5) means any offense (federal, state, or local) punishable by imprisonment for a term exceeding one year, **whether or not a criminal charge was brought, or conviction obtained**." (emphasis added). Rogers' offense level was correctly calculated by adding four levels.

Rogers' contentions that the consideration of his relevant conduct in connection with the possession of the weapon effectively amended his indictment and, that the Court did not "inquire" about at murder at sentencing, are specious. The United States presented the testimony of Jonas Holguin, Rico Coates, and Nyesha Brown at sentencing. The Court summarizes the testimony as follows:

> On or about June 29th, 2004, Defendant, armed with two guns and Rico Coates, not armed, were involved in an argument at 385 Walker, a home in Memphis, Tennessee. Defendant and Coates argued over "some rims" that had been stolen. During the argument, while the two were at arms reach distance, Defendant pulled out a loaded Smith and Wesson 9mm semi-automatic handgun from his waistband, aimed it at Rico Coates and shot Coates in the "side, stomach, and twice in [the] thigh." After the first shot, Coates fell to the ground and out the door. Defendant exited the house, stood over the victim and shot the victim again. Defendant continued to shoot the victim. Another person, Thomas Scott, attempted to intervene and he was shot by Defendant in the hand. Other bystanders attempted to rescue the victim. They pulled him to witness Nyesha Brown's vehicle. They dragged his bleeding body to the car, before Defendant could finish him off. While the bystanders dragged the victim to the car, Defendant started firing shots at the car. Fortunately, the bystanders were able to drive the victim to the hospital where he was treated. The victim stayed in the hospital "about a month." He

>       almost died, but ultimately survived after having two
>       surgeries. He remains scarred physically and mentally
>       from the event. Defendant fled the scene. A broadcast
>       was dispatched over the radio. Less than twenty four
>       hours later, officers received information where
>       Defendant was located. Officers spotted Defendant at a
>       gas station. They took him into custody. They found the
>       Smith and Wesson 9mm handgun loaded with 8 live rounds,
>       in the car where Defendant was sitting. They found
>       forty three live rounds of 9mm ammunition. They also
>       found marijuana and pills in Defendant's pockets.
>       Rogers ultimately gave a statement of admission and
>       told officers the location of the second gun. The Smith
>       and Wesson was examined by Tennessee Bureau of
>       Investigation Agents and it was determined to be one of
>       the guns used in the shooting.

(Cr. D.E. 134, Transcript of Sentencing, pp. 10-42.)

Defendant has no meritorious defense or basis for any objection to the four-level increase in his base offense level. His attorney was not ineffective by failing to raise this frivolous issue at sentencing. The issue was pursued on unsuccessfully on appeal. Issue two is without merit.

Because Rogers cannot establish deficient performance or prejudice, his motion to vacate is DENIED and DISMISSED. The motion, together with the files and record in this case "conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255. See also Rule 4(b), Rules Governing Section 2255 Proceedings in the United States District Courts. The Clerk is directed to enter judgment for the Government.

IV. APPELLATE ISSUES

Twenty-eight U.S.C. § 2253(a) requires the district court to evaluate the appealability of its decision denying a § 2255 motion and to issue a certificate of appealability ("COA")

"only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); see also Fed. R. App. P. 22(b). No § 2255 movant may appeal without this certificate.

In Slack v. McDaniel, 529 U.S. 473, 120 S. Ct. 1595, 146 L. Ed. 2d 542 (2000), the Supreme Court stated that § 2253 is a codification of the standard announced in Barefoot v. Estelle, 463 U.S. 880, 893, 103 S. Ct. 3383, 77 L. Ed. 2d 1090 (1983), which requires a showing that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" Slack, 529 U.S. at 484, 120 S. Ct. at 1603-04 (quoting Barefoot, 463 U.S. at 893 & n.4, 103 S. Ct. 3383).

The Supreme Court has cautioned against undue limitations on the issuance of COAs:

> [O]ur opinion in Slack held that a COA does not require a showing that the appeal will succeed. Accordingly, a court of appeals should not decline the application of a COA merely because it believes the applicant will not demonstrate an entitlement to relief. The holding in Slack would mean very little if appellate review were denied because the prisoner did not convince a judge, or, for that matter, three judges, that he or she would prevail. It is consistent with § 2253 that a COA will issue in some instances where there is no certainty of ultimate relief. After all, when a COA is sought, the whole premise is that the prisoner "has already failed in that endeavor."

Miller-El v. Cockrell, 537 U.S. 322, 337, 123 S. Ct. 1029, 1039, 154 L. Ed. 2d 931 (2003) (quoting Barefoot, 463 U.S. at 893 n.4,

103 S. Ct. 3383). Thus,

> [a] prisoner seeking a COA must prove "something more than the absence of frivolity" or the existence of mere "good faith" on his or her part. We do not require petitioner to prove, before the issuance of a COA, that some jurists would grant the petition for habeas corpus. Indeed, a claim can be debatable even though every jurist of reason might agree, after the COA has been granted and the case has received full consideration, that petitioner will not prevail.

Id. at 338, 123 S. Ct. at 1040 (quoting Barefoot, 463 U.S. at 893, 103 S. Ct. 3383); see also id. at 342, 123 S. Ct. at 1042 (cautioning courts against conflating their analysis of the merits with the decision of whether to issue a COA; "The question is the debatability of the underlying constitutional claim, not the resolution of that debate.").[3]

In this case, for the reasons previously stated, the issue raised by Defendant lacks substantive merit and, therefore, he cannot present a question of some substance about which reasonable jurists could differ. The Court therefore DENIES a certificate of appealability.

The Sixth Circuit has held that the Prison Litigation Reform Act of 1995, 28 U.S.C. § 1915(a)-(b), does not apply to appeals of orders denying § 2255 motions. Kincade v. Sparkman, 117 F.3d 949, 951 (6th Cir. 1997). Rather, to appeal in forma pauperis in a § 2255 case, and thereby avoid the appellate filing

---

[3] The Supreme Court has also emphasized that "[o]ur holding should not be misconstrued as directing that a COA always must issue." Miller-El, 537 U.S. at 337, 123 S. Ct. at 1039. Instead, the COA requirement implements a system of "differential treatment for those appeals deserving of attention from those that plainly do not." Id., 123 S. Ct. at 1040.

fee required by 28 U.S.C. §§ 1913 and 1917, the prisoner must obtain pauper status pursuant to Fed. R. App. P. 24(a). <u>Kincade</u>, 117 F.3d at 952. Rule 24(a) provides that a party seeking pauper status on appeal must first file a motion in the district court, along with a supporting affidavit. Fed. R. App. P. 24(a)(1). However, Rule 24(a) also provides that if the district court certifies that an appeal would not be taken in good faith, or otherwise denies leave to appeal <u>in forma pauperis</u>, the prisoner must file his motion to proceed <u>in forma pauperis</u> in the appellate court. <u>See</u> Fed. R. App. P. 24(a) (4)-(5).

In this case, for the same reasons the Court denies a certificate of appealability, the Court determines that any appeal would not be taken in good faith. It is therefore CERTIFIED, pursuant to Fed. R. App. P. 24(a), that any appeal in this matter would not be taken in good faith, and leave to appeal <u>in forma pauperis</u> is DENIED. If Defendant files a notice of appeal, he must also pay the full $455 appellate filing fee or file a motion to proceed <u>in forma pauperis</u> and supporting affidavit in the Sixth Circuit Court of Appeals within thirty (30) days.

IT IS SO ORDERED this _23rd day of July, 2012.

**s/ S. Thomas Anderson**
S. THOMAS ANDERSON
UNITED STATES DISTRICT JUDGE